IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : : | |
| v. | : : : | Civil Action No. 5:08-CV-364 (CAR) |
| **$220,562.00 IN UNITED STATES FUNDS, et al.** | : : : | |
| Defendants. | : : | |

**ORDER ON MOTION FOR MORE DEFINITE STATEMENT**

Before the Court is Claimant Andrew Stiekman's Motion for a More Definite Statement [Doc. 8]. Through the present motion, Claimant contends that the Government's Verified Complaint for Forfeiture [Doc. 1] in this case is vague, as it only generally alleges that the funds seized from Claimant were proceeds from violations of the United States Code. The Complaint does not allege any specific conduct proving that the funds were proceeds traceable to violations of the United States Code. As such, Claimant argues that, without further information, he cannot properly prepare a responsive pleading and requests that this Court order the Government to provide a more definite statement as to the alleged violations.

The Government filed a timely response arguing both that the motion was procedurally deficient, as Claimant had yet to file his claim with respect to the seized funds, and that the Government's Complaint was in fact sufficiently plead. Claimant has since filed his Verified Statement of Right [Doc. 14] as to the property at issue in this case, and the Government has no objection to Claimant filing an out of time claim. The only remaining issue, therefore, is whether

Claimant is entitled to a more definite statement of the basis for forfeiture of the funds seized.

A complaint for forfeiture must adhere to the pleading requirements set forth in the Supplemental Rules of Certain Admiralty and Maritime Claims. These rules "impose a more stringent obligation on the Government than the notice pleading requirements of the Federal Rules of Civil Procedure to set forth grounds for forfeiture." U.S. v. Two Parcels of Real Property Located in Russell County, Ala., 92 F.3d 1123, 1126 (11th Cir. 1996). Rule E(2)(a), in fact, requires that a complaint for forfeiture "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Id. Rule E(2)(a) is not the only Supplemental Rule to address the required contents of a forfeiture complaint. "In 2006, Supplemental Rule G was added to 'bring together the central procedures that govern civil forfeiture actions.'" U.S. v. $15,740.00 in U.S. Funds, 2008 WL 2227511 *1 (M.D. Ga. 2008) (citing Supp. R. G advisory committee's note (2006)). Under this rule, a forfeiture complaint, like the one in the present case must also "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f); see also United States v. Mondragon, 313 F.3d 862, 865-66 (4th Cir.2002) ("the complaint must at bottom allege facts sufficient to support a reasonable belief that the property is subject to forfeiture.").

On the other hand, a complaint for forfeiture is not required to set forth the alleged illegal activities in specific detail. Complaints have been allowed even though they specified no date or location of any purported or intended unlawful dealings, no dollar amounts, and no specific types or quantities of contraband sold. See U.S. v. Two Parcels of Real Property Located in Russell County, Ala., 92 F.3d 1123, 1127 (11th Cir. 1996). In fact, under the standards ushered in by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), no civil forfeiture complaint may be dismissed

because the government lacks sufficient evidence of forfeitability at the time of filing, see 18 U.S.C. § 983(a)(3)(D), and the Government may, likewise, use evidence gathered after filing its complaint to meet its ultimate burden of proof, see 18 U.S.C. § 983(c)(2). The government is not even required to plead facts sufficient to establish probable cause to forfeit. U.S. v. Lopez-Burgos, 435 F.3d 1, 1 (1st Cir. 2006).

Here, the Government's Complaint explains that Claimant was stopped by police in Eatonton, Georgia for a routine traffic violation. Claimant's suspicious behavior, however, lead officers to conduct searches of his vehicle wherein they discovered a large amount of United States currency, totaling in $220,562.00, and 1,635 packs of cigarettes of various brands. Claimant was arrested for violating O.C.G.A. § 48-11-8 (prohibiting the sale or possession of unstamped tobacco products). The currency was found on Claimant's person and in bank bags hidden in the vehicle. One large black bag was discovered under the driver's seat containing four smaller bank bags filled with large amounts of currency. A subsequent search resulted in the discovery of a second black bag in the vehicle, which contained five more bank bags filled with additional large sums of money. The cigarette boxes seized were tax stamped from Virginia and West Virginia and had been hidden inside of Kirby vacuum cleaner boxes and mixed with clothes in suitcases inside the vehicle. As for the basis of forfeiture, the Complaint alleges that the cigarettes were believed to be contraband cigarettes involved in violations of Title 18, United States Code, Sections 2342 and 2343 (dealing with the trafficking of contraband cigarettes) and that the United States currency was likewise believed to be derived from proceeds traceable to violations of those Code Sections.

Based upon the foregoing, the Court finds that the Complaint, as alleged by the Government, is sufficient to allow Claimant to commence an investigation of the facts and to frame a responsive pleading. Certainly, the presence of large quantities of oddly-packaged cash, without more, does

not suggest a connection to trafficking of a controlled substance. U.S. v. $15,740.00 in U.S. Funds, 2008 WL 2227511 *1 (M.D. Ga. 2008) (citing Mondragon, 313 F.3d at 866). However, in this case, the Complaint sufficiently alleges that officers found the cash *and* a large quantity of a controlled substance in the vehicle. The Complaint further alleges that the cash is subject to forfeiture because it was believed to be proceeds traceable to an unlawful exchange of the controlled substance also seized. The Complaint need not state more. Inasmuch, the Government has met its burden to state the circumstances from which the claim arises with such particularity that Claimant may commence an investigation of the facts and to frame a responsive pleading. Claimant's Motion for a More Definite Statement is thus **DENIED**.

      **SO ORDERED**, this 23rd day of March, 2009.

                                      S/ C. Ashley Royal
                                      C. ASHLEY ROYAL
                                      UNITED STATES DISTRICT JUDGE

jlr